United States District Court
Southern District of Texas
**ENTERED**
September 15, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JORGE GAMBOA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:17-CV-26 |
| § | |
| WALGREEN NATIONAL § | |
| CORPORATION; dba WALGREENS, § | |
| § | |
| Defendants. § | |

## ORDER

The Court now considers the motion to intervene[1] and the two stipulations of dismissal[2] filed in this case. After duly considering the record, the Court **DENIES** the motion to intervene and **DISMISSES** the case.

### I. Background

In August 2015, Elias Gamboa Meza ("Decedent") received a phone call from an employee of a Walgreen National Corporation d/b/a Walgreens ("Defendant") pharmacy to pick up a prescription.[3] The medication provided by the employee "was glyburide/metformin prescribed for the treatment of the diabetes of another patient."[4] Decedent allegedly did not have diabetes, and after two weeks of taking the diabetes medication, he "suffered a hypoglycemic reaction while driving, which caused [him] to have an accident. [Decedent] died of injuries sustained in the accident[.]"[5]

In December 2016, Jorge Gamboa, individually and on behalf of all wrongful death beneficiaries of Decedent ("Plaintiff") filed suit in state court against Defendant, alleging negligence and gross negligence causes of action.[6] Defendant subsequently removed the case to this Court, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[7] Thereafter, Estella

---

[1] Dkt. No. 12.
[2] Dkt. Nos. 13, 15.
[3] Dkt. No. 1-1, at p. 8.
[4] *Id.* at p. 9.
[5] *Id.*
[6] *Id.* at pp. 9–11.
[7] Dkt. No. 1, at ¶ 11.

Martinez, Rogelio Martinez, and Jamal Saih, individually, and as sole heirs of the Estate of Claudia Martinez, deceased, as well as Olivia Longoria and Rogelio Longoria ("Intervenors") filed an opposed motion to intervene.[8] Although no response to the motion to intervene was filed, Plaintiff and Defendant ultimately filed a stipulation of dismissal with prejudice,[9] to which Intervenors filed objections.[10] Thereafter, Plaintiff, Defendant, and Intervenors filed a stipulation of dismissal with prejudice, whereby they request the dismissal of Plaintiff only.[11] Since the motion to intervene was filed before the stipulations of dismissal, the Court must begin by addressing the merits of the motion.

## II.   Motion to Intervene

Federal Rule of Civil Procedure ("Rule") 24 governs motions to intervene. If a motion to intervene is timely filed, the Court must permit intervention if the requesting party has "an unconditional right to intervene by a federal statute."[12] Here, Intervenors have not identified a federal statute that provides an unconditional right to intervene. Absent such an unconditional right, intervention is appropriate when:

> (1) the motion to intervene is timely; (2) the potential intervener (sic) asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.[13]

### a.   Timeliness of Motion to Intervene

The Court considers four factors to determine whether a motion to intervene was timely: (1) the length of time the potential intervenor either knew or reasonably should have known about his interest in the case before petitioning to intervene; (2) the extent of prejudice that the parties to the case would suffer by virtue of the potential intervenor's failure to petition to intervene when she either knew or reasonably should have known about his interest in the case; (3) the extent of prejudice the potential intervenor would suffer if not permitted to intervene; and

---

[8] Dkt. No. 12.
[9] Dkt. No. 13.
[10] Dkt. No. 14.
[11] Dkt. No. 15.
[12] Fed. R. Civ. P. 24(a)(1).
[13] *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

(4) whether unusual circumstances militate either for or against a finding that the petition to intervene was timely.[14] In this case, Plaintiff filed suit against Defendant in December 2016,[15] yet Intervenors did not file their motion to intervene until August 2017.[16] Although it is unclear from the motion to intervene when exactly Intervenors became aware of their potential interest in its outcome, the third factor is ultimately determinative in light of the subsequent suit Intervenors filed against Defendant.[17]

Indeed, Intervenors filed suit separately against Defendant in August 2017,[18] shortly after filing their motion to intervene in the instant suit. Intervenors acknowledge that they filed the subsequent suit "to toll limitation, and protect themselves."[19] Since Intervenors can pursue their claims against Defendant in the subsequent suit, they will not suffer prejudice if not permitted to intervene. Thus, the disposition of this case will not impair or impede the Intervenors' ability to protect their interests. All factors considered, the Court **DENIES** the motion to intervene.

### III.   Stipulations of Dismissal

The Court now considers the stipulations of dismissal filed in this case.[20] Rule 41(a)(1)(A)(ii) provides for dismissal without court order when the stipulation is signed by all parties who have appeared.[21] The first stipulation of dismissal[22] was not signed by all parties who had appeared as Intervenors did not sign the stipulation even though they previously filed their motion to intervene and had thus appeared. The second stipulation of dismissal, however, is signed by all parties who have appeared.[23] That stipulation provides that "dismissal does not affect the claims or this case as between Intervenors and Defendant."[24] However, as previously noted, Intervenors filed a subsequent suit against Defendant. Since a stipulation of dismissal is not an adjudication on the merits, no preclusive effect will apply to the subsequent suit.[25] As a

---

[14] *Id.* at 754.
[15] Dkt. No. 1-1, at p. 6.
[16] Dkt. No. 12.
[17] Original Complaint, *Estella Martinez v. Walgreen Co.* (S.D. Tex. Aug. 15, 2017) (7:17-cv-309).
[18] *Id.* at p. 1.
[19] *Id.* at ¶ 6.
[20] Dkt. Nos. 13, 15.
[21] Fed. R. Civ. P. 41(a)(1)(A)(ii).
[22] Dkt. No. 13.
[23] Dkt. No. 15, at pp. 3–4.
[24] *Id.* at ¶ 10.
[25] *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted) (providing that one of the essential elements for *res judicata* is that "the first action concluded with a final judgment on the merits").

result, since the second stipulation of dismissal satisfies the requirements of Rule 41(a)(1)(A)(ii), the case is **DISMISSED WITH PREJUDICE**.

The parties are hereby **ORDERED** to preserve all evidence in this case, including, but not limited to the bottle of pills dispensed by Defendant to Decedent, pending disposition of Intervenors' suit against Defendant.

### IV.   Holding

For the foregoing reasons, the motion to intervene is **DENIED** and the case is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 15th day of September, 2017.

_____
Micaela Alvarez
United States District Judge